UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

ROBERT ZUNESKA,

                Plaintiff,

                              **MEMORANDUM & ORDER**
    v.                                  12-CV-0949 (MKB)

ANDREW M. CUOMO, as Governor of the State of
New York, SEAN BYRNE, as Acting Commissioner
of the New York State Division of Criminal Justice
Services, THOMAS SPOTA, as Suffolk County
District Attorney, and the STATE OF NEW YORK,

                Defendants.

-----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

       Plaintiff Robert Zuneska filed the above-captioned action against Andrew M. Cuomo, as Governor of the State of New York, Sean Byrne, as Acting Commissioner of the New York State Division of Criminal Justice Services, Thomas Spota, as Suffolk County District Attorney, and the State of New York, claiming that they have deprived him of his constitutional rights by denying him the opportunity to be declassified as a registered sex offender under the New York State Sex Offender Registration Act of 1995. Defendants have moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court heard argument on November 20, 2012. This Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. The Court, therefore, grants Defendants' motion to dismiss the Complaint.

## I. Background

The facts alleged in the Complaint are assumed to be true for the purposes of this motion. On February 23, 1999, Plaintiff pled guilty to rape in the 3rd Degree, a Class E Felony, for alleged sexual conduct with his daughter. (Compl. Ex. A at ¶ 2, Ex. D at 1.) He was sentenced to time served and five years of probation. (Compl. Ex. D at 1.) Pursuant to the New York State Sex Offender Registration Act of 1995 ("SORA"), Plaintiff was required to register with the New York State Sex Offender Registry, as a Level I Sex Offender. (*Id.*; Compl. ¶ 16.) When Plaintiff pled, the registration period was 10 years. (Compl. ¶ 17.) Effective January 18, 2006, New York State amended SORA to increase the duration of registration of Level I sex offenders from 10 years to 20 years.

On April 29, 2011, Plaintiff filed a petition in County Court, Suffolk County, New York ("County Court"), seeking an order to relieve him of his duty to register under SORA. (Compl. ¶ 22.) Plaintiff based his petition on a case decided by United States District Judge Leonard D. Wexler. (*Id.*) In *Woe v. Spitzer*, Judge Wexler held that a litigant could not sustain a procedural due process claim due to the change from a 10-year to a 20-year registration, because the statute provided all the process that was necessary, including the ability to be declassified as a sex offender. *Woe v. Spitzer*, 571 F. Supp. 2d 382, 389 (E.D.N.Y. 2008). In Plaintiff's petition to the County Court, he argued that based on Judge Wexler's decision in *Woe*, "inclusion in the SORA registry effects a protected liberty interest[;]" and, therefore, he had "a clear right to petition [the County Court] to be relieved from any duty to register and to be de-classified entirely from his current registry level of a Level I sex offender with no other designation with no obligations or duties to continue to register as a Level I sex offender hereafter." (Compl. Ex. A at ¶¶ 4, 12.)

On June 1, 2011, the District Attorney's Office for Suffolk County (the "D.A.'s Office"), opposed the declassification application. (Compl. ¶ 24, Ex. C.) The D.A.'s Office argued that the text of SORA provided no mechanism for declassification. (Compl. ¶ 24, Ex. C at ¶¶ 2–5.) The D.A.'s Office also argued that the district court's decision in *Woe*, interpreting a state statute, was not binding on the County Court and, under New York case law, there was no mechanism for the relief sought by Plaintiff. (Compl. Ex. C at ¶¶ 6–14.)

In an order dated July 29, 2011, the County Court held that the statute did not have a provision for declassification. (Compl. ¶ 25.) The County Court, in its decision, directly considered whether *Woe* was applicable to Plaintiff's case. The County Court "respectfully disagree[d] with the determination in *Woe v. Spitzer* and f[ound] that, while the earlier editions of SORA allowed for any sex offender to petition a court to be relieved of their duty to register, that entitlement was foreclosed upon the advent of the amendment to SORA contained in the 2006 New York Laws Chapter 1." (Compl. Ex. D at 2.) Thus, the County Court concluded that "Correction Law § 168-o does not allow for the relief sought by the petitioner." (*Id.* at 3.) Plaintiff did not appeal the County Court decision.

Instead, Plaintiff commenced this action and argues in his Complaint that "it is the custom, practice and policy of the Suffolk County District Attorney and the Commissioner of the State of New York's Division of Criminal Justice Services and the County Court of the State of New York, to a) ignore and defy the Federal District Court holding . . ., b) deny a registrant, including Plaintiff, the opportunity to be de-classified, c) deny, under color of law, a registrant, including Plaintiff, his/her due process right to apply for and state a petition for de-classification, and in an appropriate case to be de-classified, d) deny registrants, including Plaintiff, his/her equal protection of law in not being enabled to apply for and state a petition

for a downward classification below a Level One classification, and in an appropriate case to be de-classified." (Compl. ¶ 29.) Plaintiff alleges equal protection and substantive due process violations. (*Id.* at ¶¶ 31–41.) Plaintiff seeks damages for "emotional distress, mental anguish, humiliation and obloquy, [and] loss of rights," an order "compelling Defendants to enable Plaintiff to petition a Court of competent jurisdiction in New York State to be de-classified and to have the petition considered and determined on its merits[,]" a declaratory order "that a SORA registrant is entitled to be de-classified as a registrant[,]" and an injunction "enjoining Defendants from refusing to de-classify any registrant, including Plaintiff, on the erroneous basis that New York State does not allow for de-classification of a registrant as a matter of law." (*Id.* at ¶¶ 42–45.)

## II. Discussion

### a. Legal Standard

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must, however, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Iqbal*, 556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### b. *Rooker-Feldman* Doctrine

Plaintiff is barred from bringing this action by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal district and circuit courts lack subject-matter jurisdiction in cases that are essentially "appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) ("[T]he *Rooker-Feldman* doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim" which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments." (internal quotation marks and citations omitted)); *Galtieri v. Kelly*, 441 F. Supp. 2d 447, 453 (E.D.N.Y. 2006) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." (quoting *Hoblock*, 422 F.3d at 84)). "Underlying the *Rooker-Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock*, 422 F.3d at 85; *see also Williams v. 2720 Realty Co.*, No. 12-CV-6408, 2013 WL 55685, at *2 (E.D.N.Y. Jan. 3, 2013) ("[O]nly the United States Supreme Court is vested with jurisdiction over appeals from final state court judgments.").

In order for *Rooker-Feldman* to apply, a four part test must be satisfied: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain of injuries caused by a state-court judgment.' Third, the plaintiff must 'invite district court review and rejection of that judgment.' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced[.]'" *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (alteration and citations omitted); *see also McKithen*, 626 F.3d at 154 (outlining the *Rooker-Feldman* test); *Rottier v. Paz*, No. 12-CV-1324, 2013 WL 30686, at *4 (S.D.N.Y. Jan. 3, 2013) (same). As discussed below, all four requirements have been met.

i. **Procedural Requirements**

The first and fourth requirements are referred to as the procedural requirements of the test. *Green*, 585 F.3d at 101; *Hoblock*, 422 F.3d at 85. As an initial matter, the parties do not dispute the fourth requirement – that the County Court rendered a decision prior to the filing of this action. Plaintiff argues, however, that because he can re-bring the claim in the County Court, he is not a state court loser, and, therefore, he does not satisfy the first requirement of the test. (Pl. Opp'n 11.) Plaintiff concedes that his petition to be declassified was denied but argues that "per the statute, he could re-file his petition again and again, each year."[1] (*Id.*) Defendant Spota argues that the County Court's denial and dismissal of Plaintiff's petition to seek removal from SORA's registry was a loss for Plaintiff. (Def. Spota Mem. 14.)

The *Rooker-Feldman* doctrine applies not only to final orders but also to interlocutory decisions. *Green*, 585 F.3d at 101 (noting that the "doctrine applied both to final state court judgments and to interlocutory state court orders"); *Shelley v. Brandveen*, No. 06-CV-1289, 2012

---

[1] At oral argument, Plaintiff argued that he "partially lost and partially won" in County Court. (Oral Arg. Tr. 24:14–17.) Plaintiff has since retracted this statement in a letter to the Court. (*See* Docket Entry No. 33.)

WL 3903472, at *3 (E.D.N.Y. Sept. 6, 2012) ("*Rooker-Feldman* doctrine, applies not only to final judgments, but also to interlocutory orders." (citing *Campbell v. Greisberger*, 80 F.3d 703, 707 (2d Cir. 1996))). Regardless of how Plaintiff classifies the County Court's decision, there is no question that Plaintiff had an opportunity to fully and fairly litigate his request for declassification, and the County Court denied Plaintiff's request to be relieved from the registration requirements of SORA. *See, e.g., Remy v. N.Y. Dep't of Taxation & Fin.*, No. 11-CV-1921, 2013 WL 28362, at *2 (2d Cir. Jan. 3, 2013) (summary order) (holding that a state court decision is a loss when the plaintiff had "a full and fair opportunity to litigate that issue" (citing *Phifer v. City of New York*, 289 F.3d 49, 57 (2d Cir. 1996))); *El-Shabazz v. Henry*, No. 12-CV-5044, 2012 WL 5347824, at *4 (E.D.N.Y. Oct. 29, 2012) (same). Thus, the County Court's decision was a loss for Plaintiff, and the first requirement is satisfied.

ii. **Substantive Requirements**

The second and third requirements are considered the substantive requirements of the test. *Green*, 585 F.3d at 101; *Hoblock*, 422 F.3d at 85. Plaintiff argues that these do not apply to him because he is not complaining of an injury caused by the County Court or seeking a review or rejection of the State Court decision; rather, he wants to enjoin state actors from opposing his position in the County Court and other state courts.[2] (Pl. Opp'n 11.) At oral argument, Plaintiff attempted to draw a distinction between this Court issuing an order enjoining the Defendants from opposing his declassification (and others similarly situated), and the Court making a finding

---

[2] As a factual matter, Plaintiff's assertion that he is not complaining about the County Court's decision is simply not true. In the Complaint, Plaintiff seeks a declaratory order "that a SORA registrant is entitled to be de-classified as a registrant[]" (Compl. ¶ 44) — a direct contradiction of the County Court's decision. (Compl. Ex. D.) He also seeks an order "compelling Defendants to enable" a court to hear the claims on the merits (Compl. ¶ 43), which is nonsensical, since the County Court fully considered the merits of Plaintiff's petition for declassification and denied the petition because the County Court determined no such remedy existed under New York law. (Compl. Ex. D.)

that the County Court incorrectly interpreted the SORA statute in determining that he cannot be declassified. (Oral Arg. Tr. 19:23–20:13, 21:25–22:19, 26:3–30:19.) According to Plaintiff, enjoining the Defendants would, in effect, have nothing to do with the County Court action, but rather, would allow Plaintiff to enforce his constitutionally protected right to be able to apply for declassification as Judge Wexler held in *Woe v. Spitzer* that he is entitled to do. (*Id.*)

At the heart of Plaintiff's Complaint is his argument that Defendants "den[ied] a registrant . . . the opportunity to be de-classified[,]" which is essentially an attack on the County Court's judgment holding that the statute does not provide for declassification. (Pl. Opp'n 11.) In the Complaint, Plaintiff requests "an Order compelling Defendants to enable Plaintiff to petition a Court of competent jurisdiction in New York State to be declassified and to have said petition considered and determined on its merits" and "an Order declaring that a SORA registrant is entitled to be de-classified as a registrant upon a proper showing of sufficient reasons for such de-classification." (Compl. ¶¶ 44–45.) Plaintiff's request in this Complaint is no different from his request in the proceeding before the County Court. In the County Court, Plaintiff requested that he be "de-classified entirely from the notification and registration duties." (Compl. Ex. A at 1.) The County Court considered Plaintiff's due process argument in favor of declassification, but found his claim for declassification to be invalid because "while earlier editions of SORA allowed for any sex offender to petition a court to be relieved of their duty to register, that entitlement was foreclosed upon the advent of the amendments to SORA contained in the 2006 New York Law Chapter 1." (Compl. Ex. D at 2.) The County Court, thus, squarely considered Plaintiff's due process argument and rejected it.[3]

---

[3] Plaintiff did not appeal that decision, and while the ability to appeal is a not a necessary component of the test, the Second Circuit does consider whether or not a plaintiff had a meaningful opportunity to appeal. *See, e.g., McKithen v. Brown*, 626 F.3d 143, 155 (2d Cir.

Indeed, the Second Circuit has made clear that Plaintiff is foreclosed from doing what he is attempting to do here – re-construe a state court appeal as a federal cause of action. In *Hoblock*, the Second Circuit held that a plaintiff could not simply try to re-construe what was essentially a state court appeal as a federal cause of action by trying to fit it under a new federal legal theory. 422 F.3d at 87 ("[A] federal plaintiff cannot escape the *Rooker-Feldman* bar simply by relying on a legal theory not raised in state court."); *see also Munsch v. Evans*, No. 11-CV-2271, 2012 WL 528135, at *6 (E.D.N.Y. Feb. 17, 2012) (adding an Eighth Amendment legal theory to the plaintiff's federal case, which was not presented at the state level, was insufficient to overcome the *Rooker-Feldman* bar because it "would require reversing his judgment that the conditions are legally permissible"); *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 706 (S.D.N.Y. 2011) ("[T]he simple assertion of a constitutional claim does not create an independent injury if the plaintiff's injury is caused by the state court judgment." (quoting *Hoblock*, 422 F.3d at 87)).[4] The Second Circuit found that "in some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock*, 422 F.3d at 88. "[A] federal suit complains of injury from a state-court judgment, even if [a complaint] appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Hoblock*, 422 F.3d at 88.

---

2010) (noting that "[t]he proper vehicle for [plaintiff] to challenge the state court's interpretation" of state law was a state appeal and not a federal action for due process violation); *Green v. Mattingly*, 585 F.3d 97, 103 (2d Cir. 2009) (holding that if the state court had entered a final order against plaintiff, the proper course of action would have been to appeal the "ruling to higher New York courts and, eventually, to the U.S. Supreme Court under 28 U.S.C. § 1257.").

[4] Thus, adding the Equal Protection Clause claim is not sufficient to overcome the *Rooker-Feldman* bar under *Hoblock*. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005).

Plaintiff tries to escape the *Rooker-Feldman* bar by claiming that he only wants to enjoin the state from opposing the "merits" of his petition. However, such an order would necessarily require this Court to overturn the County Court's holding that declassification is not a remedy under state law. The only reason that Defendant Spota and the State Defendants were involved in the proceeding before the County Court is because the County Court initially determined that Plaintiff was subject to registration; thus, their "actions w[ere] produced by [the] state-court judgment." *Hoblock*, 422 F.3d at 88 (holding that *Rooker-Feldman* is implicated when the defendant's actions happened only because of a state court decision); *J.R. ex rel. Blanchard v. City of New York*, No. 11-CV-841, 2012 WL 5932816, at *6–7 (E.D.N.Y. Nov. 27, 2012) (same). If the state court had granted Plaintiff's petition to be declassified, he would not be in federal court. *See e.g., El-Shabazz*, 2012 WL 5347824, at *4 (holding that despite the fact that some of the state court proceedings were ongoing, the federal action was barred by *Rooker-Feldman* because the federal case was essentially challenging the orders of the state court that had already been issued).

Plaintiff's Complaint is the perfect example of a Complaint trying to mask what is essentially a state court appeal as a federal cause of action. *See, e.g., Hoblock*, 422 F.3d at 88; *Burfeindt v. Postupack*, No. 11-CV-5426, 2013 WL 335983, at *1–2 (2d Cir. Jan. 30, 2013) (summary order) (upholding district court dismissal which rested partially on *Rooker-Feldman* grounds); *Anderson v. UMG Recordings Inc.*, No. 12-CV-25826, 2012 WL 6093776, at *2 (E.D.N.Y. Dec. 7, 2012) ("[A]lthough plaintiff's complaint does not detail the specific injuries that the rulings in the State Court Action cause him, a fair reading of the complaint is that plaintiff seeks to continue pressing the claims underlying the State Court Action[.]"); *Blanchard*, 2012 WL 5932816, at *8 ("[T]he injuries for which [the plaintiff] seeks to recover in her section

1983 claim against the City Defendants emanate only from the state-court judgment. Thus, her section 1983 claim is not 'independent' for purposes of the *Rooker-Feldman* doctrine and this court is barred from considering its merits."); *White v. White*, No. 12-CV-200, 2012 WL 3041660, at *13–14 (S.D.N.Y. July 20, 2012) (finding that the state court decision was the real cause of the plaintiff's injury and therefore the federal district court lacked jurisdiction over the matter); *Munsch v. Evans*, No. 11-CV-2271, 2012 WL 528135, at *6 (E.D.N.Y. Feb. 17, 2012) (barring a plaintiff from bringing a case in which the plaintiff sought to have supervision for life by the parole board found unconstitutional because it would require the court to overturn the state court decision). Plaintiff's Complaint is therefore barred by the *Rooker-Feldman* doctrine.

### III. Conclusion

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims. Defendants' motion to dismiss the Complaint is granted. Plaintiff's Complaint is dismissed with prejudice. The Clerk of Court is directed to close the case.

SO ORDERED:

s/ MKB

MARGO K. BRODIE
United States District Judge

Dated: February 1, 2013
      Brooklyn, New York